1  Michelle R. Ghidotti-Gonsalves, Esq. (SBN 232837)
   LAW OFFICES OF MICHELLE GHIDOTTI, APC
2  5120 E. LaPalma, Suite 206
   Anaheim, CA 92807
3  Phone: (949) 354-2601
4  Fax: (949) 200-4381
   Email: mghidotti@ghidottilaw.com
5
   Attorney for Secured Creditor,
6  KEVIN STECKLER AND TERRY STECKLER AS TRUSTEE
   OF STECKLER TRUST DATED APRIL 3, 2001
7

8                          UNITED STATES BANKRUPTCY COURT

9             CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELESS DIVISION

10

11 | In re:                                | CASE NO: 2:15-bk-25577-NB
12 | KATYA MORENA HERNANDEZ,                | CHAPTER 13
13 |                                        | DECLARATION OF KEVIN STECKLER IN
14 | Debtor,                                | SUPPORT OF SUPPLEMENTAL
   |                                        | OBJECTION OF CREDITOR KEVIN
15 |                                        | STECKLER AND TERRY STECKLER AS
   |                                        | TRUSTEE OF STECKLER TRUST DATED
16 |                                        | APRIL 3, 2001 TO CONFIRMATION OF
   |                                        | PLAN
17 |
18 |                                        | Date: 2/11/2016
   |                                        | Time: 9:00 am
19 |                                        | Ctrm: 1545

20     I, Kevin Steckler, declare:
21
       1.  I am a trustee of Creditor, Kevin Steckler And Terry Steckler As Trustee Of Steckler Trust
22
   Dated April 3, 2001 ("Creditor").
23
       2.  I make this declaration based upon the facts testified herein, all of which are in my personal
24
25 knowledge, unless stated upon information and belief.  As to the statements made upon information

26 and belief, I believe them to be true.  If called as a witness, I could and would competently testify

27 thereto.
28
                                               Page 1
             DECLARATION KEVIN STECKLER IN SUPPORT OF SUPPLEMENTAL OBJECTION

3.   I am personally familiar with the books, records and files of Creditor that pertain to loans and extensions of credit given to debtor Katya Morena Hernandez, ("Debtor") concerning the property commonly known as 3517 Lowell Avenue, Los Angeles, CA 90032 ("Property"). I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the records of Creditor on behalf of Creditor, which were made at or about the time of the events recorded, and which are maintained in the ordinary course by Creditor at or near the time of the acts, conditions or events to which they relate.

4.   I am informed and believe that on or about January 25, 2005, Debtor and her husband, Francisco E. Hernandez ("Hernandez") executed a note in favor of Mortgage Electronics Registration Systems, Inc., as nominee for RESMAE Mortgage Corporation, in the principal amount of $160,500.00 ("First Note") which was secured by a Deed of Trust recorded against the Property on March 2, 2005, as Document No. 05 0473163 in the Office of the County Recorder of Los Angeles County, California ("First DOT"). The First Note and First DOT and related loan documentation are hereinafter sometimes referred to as the ("First Loan").[1]

5.   On or about October 2, 2006, Debtor and Hernandez, for valuable consideration, made, executed and delivered to Home Loan Equity Corporation, and Kevin Steckler and Terry Steckler as Trustees of Steckler Trust dated April 3, 2001, a Home Equity Revolving Line of Credit in the principal sum of $60,000.00 ("Subject Note"). A copy of the Subject Note is attached hereto as Exhibit "1" and incorporated herein by reference.

6.   The Subject Note is secured by a Deed of Trust ("Subject Deed of Trust") dated October 2,

---

[1] The First Note and First DOT are evidenced in the Notices of Default attached as Exhibits "3' and "4," respectively to the accompanying Request for Judicial Notice ("RJN") and incorporated herein by reference.

2006, and recorded on October 6, 2006, as Document No. 06-2229494 in the Office of the County Recorder of Los Angeles County, California.[2]

7. The Subject Deed of Trust of Trust provides, in pertinent part, as follows:

> (4) To pay at least ten days before delinquency . . . . when due, all encumbrances, charges and *liens, with interest*, on said Property or any part thereof, which appear to be prior to or superior hereto; and all costs, fees and expenses of this Trust. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter , upon said Property for such purpose, appear in and defend any action or proceeding purport to affect the security hereof or the rights or powers of Beneficiary or Trustor, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be proper or superior hereto, and in exercising any such power, pay necessary expenses, employ counsel and pay his reasonable fees.
>
> (5)To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with finance charges from date of expenditure at the *applicable Annual Percentage Rate in the AGREEMENT. . . .*"
> (emphasis added)

8. The Subject Note and Subject Deed of Trust and related loan documentation are sometimes hereinafter collectively referred to as the "Subject Loan".

9. On or about June 16, 2015, an Assignment of Deed of Trust was recorded against the Property reflecting that Home Equity Corporation assigned all its rights, title and interest in the Subject Loan to Creditor.[3]

10. I am informed and believe that Debtor defaulted under the First NOTE and First DOT, and

---

[2] A true and correct copy of the Subject Deed of Trust is attached as Exhibit "1" to the RJN and incorporated herein by reference.

[3] A true and correct copy of the Assignment is attached as Exhibit "2" to the RJN and incorporated herein by reference

as a result a Notice of Default and Election to Sell under Deed of Trust was recorded against the Property on November 29, 2010, as Document No. 20101723660 in the Office of the County Recorder of Los Angeles County, California ("First NOD").[4] The First NOD reflects that at the time of its recording, Debtor was $44,724.21 in arrears under the First Note and the First Note was due for the March 1, 2008 installment and all subsequent monthly installments which became due under the First Note.

11. I am informed and believe after the recordation of the First NOD, the First Loan was modified.

12. I am informed and believe that as a result of Debtor's continued defaults under the First Note and First DOT, a new Notice of Default and Election to Sell under Deed of Trust was recorded against the Property on November 21, 2014, as Document No. 2014-1254788 in the Office of the County Recorder of Los Angeles County, California ("2nd NOD").[5] The 2nd NOD reflects that at the time of its recording, Debtor was $21,932.59 in arrears under the First Note and was due for the July 1, 2013 installment, and all subsequent monthly installments which became due thereafter..

13. I am informed and believe that as a result of Debtor's continued defaults under the First Note and First DOT, a Notice of Trustee's Sale was recorded against the Property on March 10, 2015, as Document No. 20150255632 in the Office of the County Recorder of Los Angeles County, California ("NOS").[6] Pursuant to the NOS, a sale of the Property was scheduled for April 1, 2015. The NOS further reflects that at the time of its recordation, approximately $247,581.81 was due and owing under the First Note and First DOT.

14. In or about mid-March, 2015, Creditor requested a payoff from the servicer of the First Loan

---

[4] A copy of the First NOD is attached as Exhibit "3" to the RJN and incorporated herein by reference.
[5] A true and correct copy of the 2nd NOD is attached as Exhibit "4" to the RJN and incorporated herein by reference
[6] A true and correct copy of the NOS is attached as Exhibit "5" to the RJN and incorporated herein by reference

Page 4
DECLARATION KEVIN STECKLER IN SUPPORT OF SUPPLEMENTAL OBJECTION

and was informed that as of March 18, 2015, the total amount due under the Note was $246,228.50.

15.  On or about <u>April 17, 2015</u>, Creditor advanced to the First DOT holder the sum of $250,600.23 to pay the First Loan in full and obtain a reconveyance of the First DOT.  As a result, a Full Reconveyance of the First Deed of Trust was recorded against the Property on May 8, 2015, as Document No. 20150534325 in the Office of the County Recorder of Los Angeles County ("Reconveyance"). [7]

16.  The Subject Note matured and became all due and payable on October 15, 2014.

17.  Debtor has been in default under the terms of the Subject Note and Deed of Trsut throughout the life of the Subject Loan.

18.  Additionally, Debtor failed and refused to payoff the Subject Loan when it matured. As a result, on June 16, 2015, Creditor caused a Notice of Default and Election to Sell to be recorded against the Property as Document No. 20150707112 in the Office of the County Recorder of Los Angeles County ("Subject NOD").[8] The Subject NOD reflects that as of June 9, 2015, $428,583.81 was due and owing in connection with the Subject Loan, which amount include the advance to pay off the First Loan.

19.  On September 18, 2015, Creditor caused a Notice of Trustee's Sale to be recorded against the Property, as Document No. 20151161982 in the Office of the County Recorder of Los Angeles County, California ("Subject NOS").[9] Pursuant to the NOS, a sale of the Property was scheduled for

---

[7] A true and correct copy of the Reconveyance is attached as Exhibit "6" to the RJN and incorporated herein by reference

[8] A true and correct copy of the Subject NOD is attached as Exhibit "7" to the RJN and incorporated herein by reference

[9] A true and correct copy of the Subject NOS is attached as Exhibit "8" to the RJN and incorporated herein by reference

October 19, 2015.[10]  The NOS further reflects that at the time of its recordation, approximately $433,519.11 was due and owing under the Subject Note and Subject Deed of Trust.

20.  I am further informed and believe that since the origination of the Subject Loan, Debtor has allowed the Property to deteriorate and fall into a state of disrepair further jeopardizing Creditor's security.

21.  It was imperative that Creditor advance the sums to payoff the First Loan in order to stop the First lienholder's foreclosure sale and to prevent Creditor's second priority lien from being extiquished.

22.  The history in this matter reflects that Debtor has been in substantial default under the First Loan and the Subject Loan since their respective origination, and that Debtor has allowed the Property to deteriorate and fall into a state of disrepair. Creditor's Loan documents provide Creditor with the right to advance funds and take appropriate action necessary to protect its security. Creditor's payoff of the First Loan actually inured to the benefit of Debtor who would have otherwise lost the Property at the scheduled foreclosure sale.  Creditor's Loan documents provide that any advances in connection with the Loan will incur interest at the rate set forth in the Subject Note.  It is significant to note that the Subject Note has a default interest provision, but, Creditor has not invoked the default rate. Notwithstanding the foregoing, since foreclosure of a senior lien will extinguish the security interest of a junior lien, at the threat of foreclosure a junior lienor is entitled, even without express contractual authority, to pay off the senior lien.

/ / /

/ / /

/ / /

---

[10] A true and correct copy of the NOS is attached as Exhibit "5" to the RJN and incorporated herein by reference

23. Creditor respectfully requests that this Court deny confirmation of the subject Plan and dismiss this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and executed this __28__ day of _January_, 2016 at Orange, Orange, CA

_____
Declarant    Kevin Steckler

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 5120 E. La Palma Ave. Ste. 206 Anaheim Hills, CA  92807

On January 28, 2016, I served the following document(s) described as:

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SUPPLEMENTAL OBJECTION OF CREDITOR KEVIN STECKLER AND TERRY STECKLER AS TRUSTEE OF STECKLER TRUST DATED APRIL 3, 2001 TO CONFIRMATION OF PLAN**

**SUPPLEMENTAL OBJECTION OF CREDITOR KEVIN STECKLER AND TERRY STECKLER AS TRUSTEE OF STECKLER TRUST DATED APRIL 3, 2001 TO CONFIRMATION OF PLAN**

**DECLARATION OF KEVIN STECKLER IN SUPPORT OF SUPPLEMENTAL OBJECTION OF CREDITOR KEVIN STECKLER AND TERRY STECKLER AS TRUSTEE OF STECKLER TRUST DATED APRIL 3, 2001 TO CONFIRMATION OF PLAN**

on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

*Debtor*
Katya Morena Hernandez
3517 Lowell Avenue
Los Angeles, CA 90032

*Honorable Neil W. Bason*
255 E. Temple Street
Suite 1552
Los Angeles, CA 90012

☒ **By United States mail**. I enclosed the document(s) in a sealed envelope or package addressed to the persons noted above and (specify one):

☐ I deposited such envelope in the United States Mail at Anaheim Hills, California, with postage thereon fully prepaid.

☒ I placed the envelope for collection and mailing on the date and at the place shown above following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

PROOF OF SERVICE

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

Scott Kosner: tyson@tysonfirm.com (*Debtor's Counsel*)

Kathy A Dockery (TR): efiling@ch13la.com *(Trustee)*

United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov *(U.S. Trustee)*

☒ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 28, 2016, at Anaheim Hills, California.

/s/Veronica Alonso
Veronica Alonso